[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 10, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-15501
Non-Argument Calendar

_____

D. C. Docket No. 04-21698-CV-JLK

MONTGOMERY BLAIR SIBLEY,

Plaintiff-Appellant,

versus

UNITED STATES SUPREME COURT,
ELEVENTH CIRCUIT COURT OF APPEAL,
STEVEN G. BREYER,
RUTH BADER GINSBURG,
ANTHONY KENNEDY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 10, 2005)**

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Montgomery Sibley appeals the district court's dismissal of his complaint against the United States Court of Appeals for the Eleventh Circuit, the United States Supreme Court, and each of the Justices of the Supreme Court in their individual capacities for alleged violations of his rights in a number of other legal actions filed by Sibley concerning a domestic dispute. Because the justices and courts are entitled to judicial immunity, we affirm.

I.   Facts

Sibley, a Florida attorney proceeding pro se, filed a complaint[1] alleging that the Supreme Court violated his rights by (1) adopting the Rooker-Feldman doctrine, limiting federal court review of state court decisions; (2) adopting the Younger abstention doctrine; (3) enacting Rule 10 of the Rules of the United States Supreme Court and thereby placing writs of certiorari within the discretion of the Court; and (4) ignoring stare decisis. Sibley's complaint alleged that the Eleventh Circuit violated his rights by (1) issuing unpublished opinions and ignoring stare decisis; (2) employing the Rooker-Feldman doctrine; and (3) employing the Younger abstention doctrine. Sibley sought declaratory relief against both courts.

---

[1]Sibley later filed an amended complaint which corrected a "scrivener's error" in citations in the original complaint. Because the amendment made no substantive changes, the district court considered all of Sibley's claims when it dismissed the action based on its analysis of the original complaint. Therefore, Sibley's contention that the district court erred in failing to "consider" his amended complaint fails.

Sibley's complaint also sought one million dollars in damages against the individual Justices of the Supreme Court for (1) acting outside the scope of their jurisdiction in denying review, (2) perversion of justice under state law, (3) negligence, and (4) treason.

The defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The defendants argued that they are entitled to judicial immunity from suit and that there was no private right of action for the alleged violations. The district court found that judicial immunity applied and dismissed the complaint. Plaintiff filed a timely appeal.

## II.     Standard of Review

We review de novo a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Shands Teaching Hosp. and Clinics, Inc. v. Beech St. Corp., 208 F.3d 1308, 1310 (11th Cir. 2000).

## III.     Analysis

The justices contend that they are entitled to absolute judicial immunity from suit for damages. The law is well-settled that judges are indeed entitled to immunity from suit for damages when acting in their judicial capacity unless they act in the

3

"clear absence of all jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). Supreme Court justices are acting within their jurisdiction when they choose to deny writs of certiorari. The district court, therefore, did not err in dismissing the claims for monetary damages based on judicial immunity.

The defendant courts contend that they are entitled to immunity from Sibley's claim for injunctive relief. Litigants may seek injunctive relief for violation of their federal constitutional rights by state judges under 42 U.S.C. § 1983. Pulliam v. Allen, 466 U.S. 522 (1984). Furthermore, § 1983 has been applied to federal actors under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Section 1983 provides, however, that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The statute thus limits Sibley's injunctive remedy to declaratory relief. In Bolin, we held that a similar plaintiff was not eligible for declaratory relief because he had an adequate remedy at law—namely, the right to appeal to the Circuit Court of Appeals and to petition the Supreme Court for certiorari. Bolin, 255 F.3d at 1243. Sibley enjoyed a similar remedy at law, and thus his claim for injunctive relief must also fail.

For the foregoing reasons, the judgment of the district court is AFFIRMED.